NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JUAN P., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, J.P., E.P., *Appellees.* [1]

No. 1 CA-JV 14-0241

FILED 3-10-2015

Appeal from the Superior Court in Maricopa County
No. JD23310
The Honorable Cari A. Harrison, Judge

**AFFIRMED**

COUNSEL

Law Office of Anne M. Williams, P.C., Tempe
By Anne M. Williams
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellees*

---

[1] The caption has been amended to safeguard the children's identities pursuant to Administrative Order 2013-0001.

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1            Juan P. (Father) challenges the superior court's order terminating his parental rights to children J.P. and E.P., arguing the court erred in finding he failed to remedy the circumstances that caused the children to be in an out-of-home placement and that termination was in the children's best interests. Because the record supports the superior court's findings, the order is affirmed.

**FACTS[2] AND PROCEDURAL HISTORY**

¶2            Father is the biological father of J.P., born in 2006, and E.P., born in 2008. In early 2013, the Department of Child Safety (DCS) took J.P. and E.P. into care after learning the children were exposed to domestic violence and their home lacked running water, and after Father failed to participate in a requested drug test. DCS filed a dependency petition, alleging neglect and substance abuse as to Father.

¶3            In April 2013, the children were found dependent as to Father after he denied the allegations but submitted the issue to the superior court, and the court adopted a family reunification case plan. The court ordered, and Father agreed to participate in, domestic violence and substance abuse counseling, random drug testing and parent-aide services. For the first 11 months of the case, Father intermittently participated in some services. At DCS' request, in January 2014, the court then changed the case plan to severance and adoption. DCS filed a motion to terminate Father's parental rights that, as amended, sought termination based on 9- and 15-months time-in-care, abandonment and substance abuse.

---

[2] This court views the evidence in a light most favorable to sustaining the superior court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207 ¶ 2, 181 P.3d 1126, 1128 (App. 2008).

¶4        In February 2014, Father failed to comply with his release conditions in a pending criminal matter and was jailed until June 2014. Upon his release, Father participated in some services. At an August 2014 adjudication, the superior court received evidence, heard testimony from Father and a DCS caseworker and heard argument. The superior court later granted the motion and terminated Father's parental rights to the children based on substance abuse (alcohol) and time-in-care grounds. This court has jurisdiction over Father's timely appeal under Arizona Revised Statutes (A.R.S.) sections 8-235, 12-120.21(A)(1) and -2101(A)(1) and Arizona Rules of Procedure for the Juvenile Court 103–04 (2015).[3]

## DISCUSSION

¶5        As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground in A.R.S. § 8-533 has been proven and that termination is in the children's best interests. *Linda V. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 76, 78 ¶ 6, 117 P.3d 795, 797 (App. 2005). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights so long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18, 219 P.3d 296, 303 (App. 2009) (citation omitted).

**I.        The Superior Court Did Not Err In Terminating Father's Parental Rights Based On Time-In-Care.**

¶6        On appeal, Father challenges the termination of his parental rights on the time-in-care grounds contained in A.R.S. § 8-533(B)(8)(a) (9 months) and -533(B)(8)(c) (15 months). Father does not contest the length of the children's out-of-home placement or the finding that DCS made diligent efforts to provide appropriate reunification services. *See* A.R.S. § 8-533(B)(8)(a), (c). Instead, Father claims DCS failed to prove that (1) he "substantially neglected or wilfully refused to remedy the circumstances that cause the child to be in an out-of-home placement," A.R.S. § 8-533(B)(8)(a) (9 months) and (2) that he was "unable to remedy the circumstances" causing the out-of-home placement and that there is "a substantial likelihood" that he "will not be capable of exercising proper and effective parental care and control in the near future," A.R.S. § 8-533(B)(8)(c) (15 months). Although Father argues DCS "failed to prove that he was

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

unable to remedy the circumstances that had caused the removal of his children" or that he "would not be capable of exercising proper and effective parental care and control for the children in the near future," the record supports the superior court's finding that termination was appropriate based on time-in-care.

¶7            Father testified that he knew he needed to participate in services offered to him, including parent-aide services, drug testing and counseling for substance abuse and domestic violence. Father, however, failed to successfully participate in these services, which were designed to remedy the circumstances causing the children to be in an out-of-home placement for nearly a year and a half.

¶8            Father failed to complete parent-aide services notwithstanding two referrals. After the first referral in March 2013 and the assignment of a parent-aide in May 2013, Father failed to attend four intake sessions, resulting in the referral being closed in July 2013. After a second referral in November 2013, Father participated for approximately two months. Then his participation declined and he was incarcerated in February 2014 for approximately four months. Given this lack of participation, and after a psychological consultation, DCS did not make a third referral after Father's release given concerns that visits could be harmful to the children.

¶9            Father also failed to satisfactorily participate in random drug testing. The evidence presented indicated that Father showed up for only 24 out of 120 DCS-required random drug tests despite knowing what was required of him. When he did test, Father tested positive for methamphetamine in May and September of 2013; Father also admitted using methamphetamine in 2013. Father also tested positive for alcohol use three times. The last test that he participated in, occurring in late June 2014 and less than two months before trial, was positive for both alcohol and marijuana. Father then failed to test again, although directed to do so nine additional times.[4]

¶10           Father admitted that he knew he needed to go to DCS-required substance abuse and domestic violence counseling. Although offering a certificate that he completed a 12-hour "Alcohol Chemical Treatment Series" just before trial, Father admitted he never completed DCS-required substance abuse treatment, notwithstanding five referrals by

---

[4] These facts negate Father's claim on appeal that he has been "clean of all substance abuse since 2013."

DCS. For the most recent referral, Father had only attended two of the weekly classes over the approximately two-month period before trial. Although Father testified that he completed a domestic violence class in 2013, he provided no documentation, causing the court to note that Father "knew he needed to provide proof of any classes but his only explanation for failing to do so was that he had a lot of things going on in his life." The DCS caseworker testified there was nothing further DCS could offer Father to assist him in remedying the reasons J.P. and E.P. came into care.

¶11 Father argues the superior court erred because "he was in the process of completing his services" at the time of trial; he now has "appropriate housing, stable employment" and can meet the children's needs and he left the children's mother to eliminate domestic violence in the home. The court was not required to accept Father's testimony about such changes. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280 ¶ 4, 53 P.3d 203, 205 (App. 2002). Moreover, even if it did, the court was not required to find that such relatively recent developments negate his failure to adequately address the circumstances that caused his children to be in care for nearly a year and a half. *See Maricopa Cnty. Juv. Action No. JS-501568*, 177 Ariz. 571, 578, 869 P.2d 1224, 1230 (App. 1994) (holding similar remedial efforts were "too late" to defeat termination motion).

¶12 The record shows that Father's attempts to remedy the circumstances causing his children to be in care were sporadic at best. S*ee JS-501568*, 177 Ariz. at 576, 869 P.2d at 1229. More importantly, the record supports the conclusion that Father substantially neglected or willfully refused to remedy the circumstances causing the children to be in care; that he has been unable to remedy those circumstances and that there was a substantial likelihood Father would not be capable of effectively parenting the children in the near future. *See* A.R.S. § 8-533(B)(8)(a), (c). Accordingly, the superior court did not err in terminating Father's parental rights on time-in-care grounds.[5]

## II. The Superior Court Did Not Err In Finding Termination Was In The Children's Best Interests.

¶13 Best interests may be based on a finding that (1) termination would benefit the child, or (2) continuing the parental relationship would harm the child. *James S. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 351, 356 ¶18,

---

[5] Given this conclusion, this court need not address whether the superior court also properly terminated Father's parental rights based on a finding of substance abuse. *See Jesus M.*, 203 Ariz. at 280 ¶ 3, 53 P.3d at 205.

972 P.2d 684, 689 (App. 1998); *see also Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50 ¶19, 83 P. 3d 43, 50 (App. 2004) (court also properly may take into account whether child is adoptable and evidence "that an existing placement is meeting the needs of the child"). Here, the superior court found, and the record supports, that termination was in the children's best interests because their needs were being met by the placement; they were adoptable and severance would provide them stability and permanency and returning them to Father would subject them to untreated substance abuse, among other things.

¶14 Father does not challenge these findings but, instead, argues he loves and "is bonded to his children," and provided them financial support. The superior court did note that "Father appears to love his children and admits that he has made poor parenting decisions." Notwithstanding this acknowledgement, however, the superior court found that severance was in the best interests of the children. On this record, in doing so, the superior court did not err. *See Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18, 219 P.3d 296, 303 (App. 2009).

**CONCLUSION**

¶15 The superior court's order terminating Father's parental rights to J.P. and E.P. is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama